UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re RICHARD T. STROTHER, | Docket Number 14-16671-EPK |
| Debtor | Chapter 13 |

## MOTION AND AFFIDAVIT OF GEOFFREY ITTLEMAN, ESQ., LOCAL COUNSEL, TO ADMIT JEFFREY S. BAKER, ESQ., AND PATRICK M. GROULX, ESQ., *PRO HAC VICE*

I, Geoffrey Ittleman, Esq. ("Movant"), moves pursuant to Local Rule 2090-1(B) for the admission *pro hac vice* of Jeffrey S. Baker, Esq., and Patrick M. Groulx, Esq. ("Visiting Attorneys"). In support of this motion, I state the following on personal knowledge, information, and belief:

1.    I am a member in good standing of the bar of the United States District Court for the Southern District of Florida and am qualified to practice in this court.  I am requesting that the Visiting Attorneys be admitted as *pro hac vice* counsel on behalf of the creditor, Hylas Yachts, Inc., a Massachusetts corporation.

2.    Attorney Baker is an attorney admitted to practice and currently in good standing in the United States District Court for the District of Massachusetts.

3.    Attorney Baker is qualified to practice in this court.

4.    Attorney Groulx is an attorney admitted to practice and currently in good standing in the United States District Court for the Districts of Massachusetts and New Hampshire.

5.    Attorney Groulx is also qualified to practice in this court.

6.    The Visiting Attorneys propose to appear as counsel for Hylas Yachts, Inc. ("Client"), in this case ("the Bankruptcy"); in the adversary proceeding Hylas Yachts, Inc., v. T3

<u>Vistas, LLC and Richard Strother</u>, 14-01318-EPK ("the Hylas AP"); and in any other adversary proceedings in which the Visiting Attorneys may appear on behalf of the Client ("other APs").

7.      I am aware that the local rules of this court require a that member in good standing of the bar of the United States District Court for the Southern District of Florida who is qualified to practice in this court must act as local counsel for the Client, unless the court specifically authorizes an attorney not so admitted to act as local counsel.

8.      I understand that local counsel is required to participate in the preparation and presentation of, and accept service of all papers in, the Bankruptcy, the Hylas AP, and other APs.

9.      I agree to act as local counsel for the Client in the Bankruptcy, the Hylas AP, and other APs.

10.     I understand that I am required to participate in the preparation and the presentation of the Bankruptcy, the Hylas AP, and other APs, and to accept service of all papers served in them.

11.     The order granting this Motion will admit the Visiting Attorneys to practice in the Bankruptcy, the Hylas AP, and other APs.

12.     I understand that if I decline to serve as local counsel in any adversary proceeding, separate local counsel must file an additional Motion to Appear *Pro Hac Vice*, and that absent a separate motion and an order of this court approving it, I will continue to act as local counsel for the Client in that proceeding.

13.     The affidavits of the Visiting Attorneys required under Local Rule 2090-1(B)(2) are being filed with this motion.

**WHEREFORE**, upon the foregoing representations, Movant respectfully requests an order of this Court:

*In RE: Strother*
*Case No.: 14-16671-EPK*

1.      Authorizing the Visiting Attorneys to appear *pro hac vice* in the Bankruptcy, the

Hylas AP, and other APs;

2.      Indicating the Movant as local counsel for the Client; and

3.      Entering any other relief that this Court deems just and proper.

Respectfully submitted,

HYLAS YACHTS, INC.,

by its attorney,

/s/ Geoffrey D. Ittleman
Geoffrey D. Ittleman, Esq.
The Law Office of Geoffrey D. Ittleman, PA
110 SE 6th Street, Suite 2300
Ft. Lauderdale, FL 33301
Ph: 954-462-8340
Fax: 954-462-8342
E-mail: geoffrey@ittlemanlaw.com
Florida Bar No.: 377790

Date: April 3, 2014

## Certificate of Service

On this day, I certify that I served on all interested parties a true and accurate copy of this

document via ECF.

/s/ Geoffrey D. Ittleman
Geoffrey D. Ittleman

Date: April 3, 2014